IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUSSELL MARKS,
   *Petitioner*,

v.

TIM BARNETT,
   *Respondent*.

Civil Action No. ELH-17-213

**MEMORANDUM OPINION**

This Memorandum Opinion resolves a petition for habeas corpus filed under 28 U.S.C. § 2241 by Russell Marks, petitioner, in January 2017. ECF 1.

The Petition is rooted in the events of November 2, 1992, in the United States District Court for the Western District of Missouri, when Marks entered a plea of guilty to the charges of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 371. ECF 1-2 at 13-14 (Excerpt of guilty plea transcript); *id.* at 16-17 (Presentence Report). As to the conspiracy to distribute cocaine, Marks was sentenced to a mandatory term of life in prison. *Id.* at 32 (Statement of Reasons). He is currently incarcerated in Maryland. *See* ECF 1 at 2.

The petition focuses on the sentence imposed with respect to Marks's conviction for conspiracy to distribute cocaine. ECF 1-1. Marks contends that defendant Tim Barnett, an officer of the U.S. Bureau of Prisons ("BOP") and Marks's custodian, is improperly executing his sentence. ECF 1. The petition is supported by a memorandum of law (ECF 1-1) and ten

exhibits. ECF 1-2. Marks subsequently filed an amended memorandum. ECF 3. I shall refer to ECF 1, ECF 1-2, and ECF 3 collectively as the "Petition."[1]

Barnett, a BOP official, has moved to dismiss the Petition under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF 7. The motion is supported by a memorandum of law. ECF 7-1 (collectively, "Motion"). Barnett contends that Marks is challenging the legality of his sentence, not its execution, and that such a challenge is properly brought under 28 U.S.C. § 2255, not § 2241. ECF 7-1 at 6-7. Because a § 2255 petition is long overdue, and could only be brought in the district in which sentencing occurred (Missouri, not Maryland), Barnett asserts that the Petition must be dismissed for lack of subject matter jurisdiction, and for failure to state a claim. *Id.* at 7-8.

Marks opposes the Motion (ECF 8), supported by a memorandum (ECF 8-1) (collectively, the "Opposition"). He argues, *inter alia*, that "his sentence should be executed as imposed pursuant to the Anti-Drug Abuse Act of 1986 instead of the Sentencing Reform Act of 1984." ECF 8-1 at 1. The government did not reply.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall construe the Motion as a motion to dismiss and grant it.

## I.    Background[2]

### A. Case History

Count One of the Second Superseding Indictment (ECF 1-2 at 10-11), to which Marks pleaded guilty, states: "Beginning in or about June, 1987, and continuing to in or about July,

---

[1] Marks was self-represented when he filed the Petition and the amended memorandum. Counsel entered an appearance for Marks on March 15, 2017. ECF 6.

[2] The Court cites to the electronic pagination, which does not necessarily correspond to the page numbers on the submissions.

1991," Marks conspired to distribute cocaine. *Id.* at 11. Marks's presentence report ("PSR") also specified the dates of the criminal conduct (*id.* at 17):

> From at least July, 1987, until the time of his arrest in the instant case [in 1991], Russell Bradley Marks was the leader of a cocaine distribution organization involving more than five participants. As part of the instant conspiracy, Marks obtained kilogram quantities of cocaine from a source ("Chicho") in Miami, Florida. From July, 1987, to January, 1988, Marks made between 10 and 14 trips to Florida to obtain cocaine.

The dates of the criminal conduct were important because different laws governed the sentencing, depending on when the criminal conduct occurred. Marks asserts that if his involvement in the conspiracy ended on or before October 31, 1987, the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207 (1986), would have applied. ECF 1-1 at 1-2. If Marks's involvement in the conspiracy continued beyond October 31, 1987, but ended before November 18, 1988, he contends that the Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 211 *et seq.*, 98 Stat. 1837 (1984), would apply. ECF 1-1 at 1-2. If the offense continued beyond November 18, 1988, Marks would be subject to the Anti-Drug Abuse Act of 1988, Pub. L. 100-690, 102 Stat. 4181 (1988). Under the first two laws, Marks claims he would be eligible for parole. ECF 1-1 at 1-2. Under the third, he is not. *Id.* at 2. The PSR stated: "Because all offenses . . . occurred after October 31, 1987, the Sentencing Reform Act of 1984 is applicable." ECF 1-2 at 17.

At Marks's guilty plea, United States District Judge Russell Clark advised Marks that he would have a right to challenge the PSR. ECF 1-2 at 14. Through counsel, Marks filed an objection to the PSR, on several grounds. ECF 1-2 at 19-22. He asserted, *inter alia*, that "if the Sentencing Reform Act of 1984 is applicable, sentence only for conduct occurring after October 31, 1987, is appropriate. On the other hand, . . . if [Marks] is to be sentenced for conduct

occurring prior to October 31, 1987, the Sentencing Reform Act of 1984 is not applicable." *Id.* at 20.

At sentencing, Marks appeared *pro se*, with advisory counsel. *Id.* at 24, 31. He made similar objections at his sentencing hearing. *Id.* at 24-29 (Excerpt of Sentencing Transcript). Marks maintained that drug transactions that occurred prior to November 18, 1988, were not subject to the mandatory sentencing provisions in 21 U.S.C. § 841(b)(1)(A), and that the government had "to have five kilos after November 1988 to avoid any ex post facto problems." *Id.* at 26. Further, the defendant reiterated that the government failed to "distinguish[] between whether these acts were committed before November 18th or after November 18th. And, if these acts were committed prior to November 18th, then the mandatory life sentence provisions of 18 U.S.C. (b)(1)(a) [sic] do not apply." *Id.* at 27-28.

The judge disagreed. He said, *id.* at 28-29: "I think I need to make only one finding concerning the presentence report, . . . and that is there was more than five kilograms of cocaine involved during the course of this conspiracy."

In the Statement of Reasons, the sentencing court wrote, *id*. at 35:

The only factual findings made by the Court were that more than 5 kilograms of cocaine were involved in the conspiracy and that the defendant had 3 prior drug convictions. With respect to all other portions of the presentence report to which the defendant had objected, the Court make [*sic*] no finding. Those portions of the PSR to which the defendant has not objected are adopted by the Court.

However, despite Marks's objections, the Amended Judgment lists "07/30/91" as the "Date Offense Concluded." *Id.* at 34.

Marks appealed his conviction and sentence—a fact that neither Marks nor the government mentioned in their submissions. *See United States v. Marks*, 38 F.3d 1009 (8th Cir.

1994).³  On direct appeal, the Eighth Circuit considered a number of alleged defects in the proceedings below, and found no error.  *Id.*  Among these issues was the one Marks raises in this case: whether "the District Court erred in applying 21 U.S.C. § 841's mandatory life sentence as no evidence was presented at the sentencing hearing to establish clearly that any cocaine transaction took place after the effective date of that section."  *Id.* at 1015.  The Eighth Circuit found that Marks's guilty plea to the charge that he conspired to distribute cocaine from June 1987 to July 1991 established that the conspiracy "continued long after the effective date of the amendment to 21 U.S.C. § 841."  *Id.* at 1016.  The court of appeals therefore affirmed the district court.  *Id.*

### B.  Marks's Petition

Marks complains that the trial court made no finding as to the period of the conspiracy, or how much cocaine was distributed after October 31, 1987, or November 18, 1988.  He contends that the Amended Judgment is internally inconsistent and the date is therefore ambiguous.  ECF 1-1 at 4-5.  As such, on January 23, 2017, Marks, initially proceeding *pro se*, filed his Petition requesting that this Court direct the BOP to correct the end date of the offense from July 30, 1991, either to October 31, 1987 or November 17, 1988.  *Id.* at 5.  Marks, still *pro se*, subsequently filed an amended memorandum.  ECF 3.

As noted, defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.  In the alternative, defendant has moved for summary judgment under Fed. R. Civ. P. 56.

---

³ Barnett refers in his Motion to several other appeals and petitions Marks had filed.  *See United States v. Marks*, 244 F.3d 971 (8th Cir. 2001); *Marks v. Resse*, 168 Fed. App'x. 657 (5th Cir. 2006); and *Marks v. Vasquez*, 175 Fed. App'x. 274 (11th Cir. 2006).  Curiously, the government failed to point out or discuss the direct appeal.

In his Opposition, filed by counsel, Marks maintains that the PSR erroneously indicated that his offense behavior continued beyond October 31, 1987. Further, he challenges the end date for the offense, as specified in the Amendment Judgment, because the trial court said, *inter alia*, that he made no findings as to Marks's objections, other than total drug quantity and prior convictions. ECF 8-1 at 1-2.

## II. Legal Standards[4]

### A. Rule 12(b)(1) Standard

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand,

---

[4] Because I shall grant the Motion under Rule 12(b), I need not consider the summary judgment standard.

"the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Barnett raises a facial challenge to the Court's subject matter jurisdiction, based on the four corners of the Petition.

### B. Rule 12(b)(6) Standard

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating

the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

As noted, Marks has attached ten exhibits to his Petition, all of them filed at ECF 1-2. Exhibit 1 is Marks's BOP Sentence Monitoring Computation. ECF 1-2 at 2. Exhibit 2 is the BOP's response to Marks's Administrative Remedy Appeal, stating that the BOP has no jurisdiction or authority to alter the Date Offense Concluded on Marks's Amended Judgment. ECF 1-2 at 4. Exhibit 3 is an excerpt from the BOP's Program Statement on how it determines the date of an offense for sentence calculation purposes. ECF 1-2 at 6-7. Exhibit 4 contains the first two pages of Marks's Second Superseding Indictment, to which Marks pleaded guilty. ECF 1-2 at 10-11. Exhibit 5 is a partial transcript of Marks's plea hearing. ECF 1-2 at 13-14. Exhibit 6 is an excerpt from Marks's PSR. ECF 1-2 at 16-17. Exhibit 7 is an excerpt from Marks's objections to the PSR. ECF 1-2 at 19-22. Exhibit 8 is a partial transcript of Marks's sentencing hearing, in which he renews his objections and the sentencing judge made his findings. ECF 1-2 at 24-29. Exhibit 9 is an excerpt of Marks's original Judgment in the criminal case. ECF 1-2 at 31-32. Exhibit 10 is an excerpt from Marks's Amended Judgment, and the sentencing court's Statement of Reasons. ECF 1-2 at 34-35.

Marks cites each of these exhibits in his Petition. *See* ECF 1-1. Because the exhibits are attached to and incorporated by reference into the Petition, and there is no challenge to their authenticity, I shall consider them in resolving the Motion.

### C. The Post-Conviction Statutes

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A petition under § 2241 attacks the manner in which a sentence is executed. *See Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015). A § 2241 petition for habeas corpus is not limited to the first year after conviction, but it must be filed in the district

where the prisoner is held. 28 U.S.C. § 2241. Because, as noted, Marks is incarcerated in Maryland, this Court has jurisdiction to consider his § 2241 petition. ECF 1 at 2.

In contrast, a § 2255 motion challenges the validity of a conviction or a sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A motion to vacate, set aside, or correct a sentence under § 2255 generally must be filed within one year of conviction, in the district in which the prisoner was sentenced. 28 U.S.C. § 2255(a), (f). Marks was sentenced in the Western District of Missouri in 1993. *See* ECF 1 at 3.

After the one-year limitation period, equitable tolling is available only in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

A petitioner need show only "reasonable diligence;" there is no requirement for "maximum feasible diligence." *Holland,* 560 U.S. at 653 (citation omitted). Marks does not assert a claim under § 2255, nor does he rely on equitable tolling.

The one circumstance in which a prisoner may seek collateral relief from a conviction under § 2241 is under the so-called "savings clause" exception in § 2255(e), when the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e). This exception is a narrow one, *see In re Jones*, 226 F.3d at 333-34, and Marks has not raised it here.[5] Therefore, Marks must rely on the traditional scope of 28 U.S.C. § 2241: the execution of the sentence.

### III. Discussion

Marks contends that his Petition under § 2241 is appropriate because his sentence is being improperly executed. ECF 3 at 6. In his Petition, he does not clearly articulate what part of the execution of his sentence he is challenging. Rather, he asserts that the "Date Offense Concluded," listed on his Amended Judgment, incorrectly reflects the sentencing court's findings and is inconsistent with the Amended Judgment. ECF 1 at 9.

Marks's argument is roughly as follows. Marks objected to the finding in the PSR that the offense extended beyond October 31, 1987. ECF 1-1 at 3. The sentencing court found that the offense involved more than five kilograms of cocaine and that Marks had three prior drug convictions. ECF 1-2 at 35. But, the sentencing court declined to rule on Marks's objections, and adopted only the portions of the PSR to which Marks did not object. *Id.* Thus, Marks maintains that, without further findings, the Amended Judgment cannot specify an end date for the offense that goes beyond October 31, 1987. ECF 3 at 5-6. Accordingly, he asks this Court to "correct" the date and change it to one to which he did not object, *i.e.*, a date prior to the applicability of the Sentencing Reform Act of 1984. This would allow Marks the opportunity for

---

[5] Barnett points out that Marks has unsuccessfully invoked § 2255's savings clause on multiple prior occasions. *See* ECF 7-1 at 8 n.1; *see also Marks v. Resse*, 168 Fed. App'x. 657 (5th Cir. 2006); *Marks v. Vasquez*, 175 Fed. App'x. 274 (11th Cir. 2006).

parole from his life sentence. ECF 1-1 at 5.  If the judgment is not corrected, Marks is ineligible for parole.

The Court is mindful of the gravity of the claim.  Nevertheless, despite Marks's effort to characterize his challenge as a claim under § 2241, it is, in actuality, a claim under § 2255, because he seeks to alter the Amended Judgment itself, rather than the execution thereof.  Marks fails to state clearly in his Petition how the relief he seeks is a challenge to the execution of his sentence, rather than to the judgment itself.  As noted, Marks disputes the date his criminal conduct ended, noted on his Amended Judgment as the "Date Offense Concluded."  ECF 3 at 6. To correct the date would require an amendment to the judgment, not simply its interpretation. Any challenge to a judgment must be asserted under § 2255, or under the "savings clause" of § 2241, which Marks has not invoked in this Petition.  *See Hines v. United States*, 03CR218-MU, 2009 WL 3241794, at *12 (W.D.N.C. Oct. 1, 2009) (correction to date offense concluded on judgment is ordered as relief under 28 U.S.C. § 2255).

In his Opposition, Marks asserts that in fact he *does not* seek a direct alteration to the judgment.  ECF 8-1 at 3.  Rather, he states that all he asks is for this Court to order the BOP to "seek clarification" as to the correct date the offense concluded.  *Id.*  In support of this request for clarification, Marks relies on an unpublished case from the Tenth Circuit, *Deutsch v. Gallegos*, 141 Fed. App'x 745 (10th Cir. 2005).

In *Deutsch*, a prisoner brought a petition under § 2241 in the district in which he was confined, claiming that the date listed as the conclusion of his offense on his judgment of conviction was erroneous, and would improperly subject him to the Prison Litigation Reform Act instead of the Sentencing Reform Act of 1984, which in that instance was more lenient.  *Id.* at 746-47.

In particular, in that case, the date listed as when the offense concluded was inconsistent with the prisoner's PSR, the stipulated facts, and the plea agreement. *Id.* at 747. The Tenth Circuit concluded that because of the distinct likelihood that the date was entered mistakenly, it was appropriate to seek clarification from the sentencing court as to the correct date the offense concluded. *Id.* at 748. The court of appeals therefore remanded the case to the district court so that the BOP could seek such a clarification. The court did itself not order a correction to the judgment, because the judgment was under the jurisdiction of the sentencing court, which was in another circuit. *Id.*

Marks asserts that his case is similar because the sentencing judge never made a finding that the date listed on his judgment was the proper date. ECF 8-1 at 4. As a result, he argues that a clarification is warranted. *Id.* at 5.[6] But here, unlike in *Deutsch*, the date listed as to when Marks's offense concluded *was* reflected in his Second Superseding Indictment (ECF 1-2 at 11), and a date beyond November 1987 was reflected in the PSR. *Id.* at 17. The Fourth Circuit and the Eighth Circuit (and, for that matter, the Tenth Circuit), have all established "when a defendant does plead guilty without reservation, he necessarily admits all of the material facts alleged in the charging document." *United States v. Vann*, 660 F.3d 771, 819 (4th Cir. 2011) (en

---

[6] Although Marks states in his Opposition that he asks only for a clarification (ECF 8-1 at 3), the Petition itself clearly asks this Court to order a correction to the Amended Judgment: "Marks requests the BOP Date of Offense/Conspiracy Ending Date be corrected from 7-30-91 to 10-31-87 and/or 11-17-88." ECF 1 at 9.

A litigant may not amend his original pleading through subsequent briefs. *See Zachair, Ltd. v. Driggs,* 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd,* 141 F.3d 1162 (4th Cir. 1998); *see also Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994). However, because Marks's Petition was filed without the assistance of counsel, I shall liberally construe it to be consistent with the relief discussed in his Opposition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The outcome is unchanged.

banc); *see United States v. White*, 408 F.3d 399, 402 (8th Cir. 2005); *United States v. Kelsey*, 15 F.3d 152, 153 (10th Cir. 1994).

It is true that the BOP's Program Statement, submitted with Marks's Petition, suggests that "if the inmate challenges the date of offense, . . . the court shall be contacted to ascertain the correct offense date." ECF 1-2 at 7. However, as noted, this issue *has already been litigated* in the Eighth Circuit. *See United States v. Marks*, 38 F.3d at 1015-16. That court directly considered the question of whether the July 1991 end date of Marks's offense was correct, and decided that it was. *Id.* at 1016. Therefore, it appears that there is no need for clarification. *See also Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (explaining that issues actually litigated to a final judgment in a prior proceeding are foreclosed from being relitigated); *see also United States v. Plaster*, 16 F. Supp. 2d 667, 671 (W.D. Va. 1998) (stating that collateral estoppel "preclude[s] both the government and the defendant from relitigation of facts established at sentencing").

To the extent that the Petition constitutes a motion under 28 U.S.C. § 2255, this Court lacks jurisdiction to consider it. *See* 28 U.S.C. § 2255(a). And, as a petition for habeas corpus under 28 U.S.C. § 2241, the Petition fails to state a claim on which relief can be granted. Therefore, I shall grant Barnett's Motion.

### IV. Certificate of Appealability

When a district court dismisses a habeas petition, the court is required to issue or deny a Certificate of Appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). A "'petitioner satisfies this standard by demonstrating that reasonable jurists could find the court's assessment of the constitutional

claims debatable or wrong.'" *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Given the gravity of the case, the Court has struggled to identify a discrete issue on which a Certificate of Appealability may be granted, but cannot find one. Therefore, the Court declines to issue a Certificate of Appealability.[7]

### V. Conclusion

For the reasons stated above, I shall GRANT defendant's Motion.

An Order follows, consistent with this Memorandum Opinion.

Date: December 13, 2017
                                                                     /s/
                                                        Ellen Lipton Hollander
                                                        United States District Judge

---

[7] Denial of a Certificate of Appealability in the district court does not preclude Marks from requesting a Certificate of Appealability from the appellate court.