# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RUSSELL MARKS,

   Petitioner

v.

TIM BARNETT,

   Respondent.

Civil Action No.: ELH-17-213

## MEMORANDUM

Petitioner Russell Marks has moved to alter or amend the judgment in this case. ECF 15 ("Motion"). The Motion is rooted in this Court's dismissal on December 13, 2017 (ECF 9, Memorandum Opinion; ECF 10, Order) of Marks's petition for writ of habeas corpus. ECF 1.[1]

Respondent had filed a motion to dismiss (ECF 7) the petition, asserting that the petition that Marks filed pursuant to 28 U.S.C. §2241 was more appropriately construed as a motion filed pursuant to 28 U.S.C. §2255, and the § 2255 Motion was time-barred. *See* ECF 7. The Court agreed. Respondent now opposes the Motion to alter or amend (ECF 18) and Marks has filed a reply. ECF 20. No hearing is necessary to resolve this Motion. Local Rule 105.6.

Marks asserts in his Motion that this Court erred when it concluded it did not have jurisdiction to consider his claim; that the court mistakenly stated that the Court of Appeals for the Eighth Circuit addressed his claim regarding the date the underlying conspiracy offense concluded; and that this Court should have considered the circumstances surrounding the

---

[1] Although the Motion was docketed on January 16, 2018, more than 28 days after the date of dismissal, the Court deems the Motion to alter or amend as filed on January 7, 2018, the date Marks asserts he entrusted the pleading to prison officials for mailing. ECF 20 at 1. Therefore, I decline to find that the Motion was untimely filed, as asserted by respondent. ECF 18 at 2. *See Houston v. Lack*, 487 U.S. 266 (1988).

Amended Judgment issued after Marks's appeal to the Eighth Circuit. ECF 15. Marks also seems to assert that this Court erred when it examined the content of the Eighth Circuit's decision on his direct appeal, because in doing so it considered "matters outside the pleadings and exhibits." *Id*. at 4. And, Marks argues that he "never had a full and fair opportunity to litigate the conspiracy ending date issue." *Id*. Marks also claims this Court erred when it did not make a finding regarding whether the "Amended J&C was internally inconsistent and therefore ambiguous." *Id*. at 6.

A motion to alter or amend is governed by Fed. Rule of Civ. Proc. 59(e). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). A Rule 59(e) Motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F. 3d 403, 411 (4th Cir. 2010).

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F. 2d 1076, 1082 (4th Cir. 1993). Rather, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp*., 51 F.3d 746, 749 (7th Cir.1995). But, Rule 59(e) motions may not be used to raise arguments that could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell*, 51 F.3d at 749; *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir.1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992); *Simon v. United States*,

891 F.2d 1154, 1159 (5th Cir.1990); *see also In re: Reese*, 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir.1992)).

In my decision dismissing Marks's petition, I observed, ECF 9 at 13:

> [D]espite Marks's effort to characterize his challenge as a claim under § 2241, it is, in actuality, a claim under § 2255, because he seeks to alter the Amended Judgment itself, rather than the execution thereof. Marks fails to state clearly in his Petition how the relief he seeks is a challenge to the execution of his sentence, rather than to the judgment itself. As noted, Marks disputes the date his criminal conduct ended, noted on his Amended Judgment as the "Date Offense Concluded." ECF 3 at 6. To correct the date would require an amendment to the judgment, not simply its interpretation. Any challenge to a judgment must be asserted under § 2255, or under the "savings clause" of § 2241, which Marks has not invoked in this Petition. *See Hines v. United States*, 03CR218-MU, 2009 WL 3241794, at *12 (W.D.N.C. Oct. 1, 2009) (correction to date offense concluded on judgment is ordered as relief under 28 U.S.C. § 2255).

With regard to Marks's position that his petition was proper under §2241, because he was seeking to clarify an ambiguity, this Court said, ECF 9 at 15:

> It is true that the BOP's Program Statement, submitted with Marks's Petition, suggests that "if the inmate challenges the date of offense, . . . the court shall be contacted to ascertain the correct offense date." ECF 1-2 at 7. However, as noted, this issue *has already been litigated* in the Eighth Circuit. *See United States v. Marks*, 38 F.3d at 1015-16. That court directly considered the question of whether the July 1991 end date of Marks's offense was correct, and

3

decided that it was. *Id.* at 1016. Therefore, it appears that there is no need for clarification. *See also Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (explaining that issues actually litigated to a final judgment in a prior proceeding are foreclosed from being relitigated); *see also United States v. Plaster*, 16 F. Supp. 2d 667, 671 (W.D. Va. 1998) (stating that collateral estoppel "preclude[s] both the government and the defendant from relitigation of facts established at sentencing").

Marks's motion to alter or amend expresses his disagreement with this Court's analysis, and attempts to obfuscate the operative fact that correction of the date regarding the end of the conspiracy would require amendment to the judgment, and therefore falls outside the purview of available relief through a §2241 petition. Disagreement with the analysis is not a cognizable basis for relief under Rule 59(e). Further, Marks's claim that this Court erred when it did not find that his sentence was ambiguous is unsupported by Marks's own evidence. As respondent states, "the Amended Judgment, the Judgment, the PSR, and the Second Superseding Indictment all state that Petitioner's conspiracy concluded in July 1991. The Eighth Circuit Court of Appeals concluded the same, and Petitioner's sentence is not ambiguous." ECF 18 at 3 (citing ECF 1-2 at 11, 17, 31, 34 and *United States v. Marks*, 38 F.3d 1009, 1015-16 (8th Cir. 1994)).

Nothing stated in the motion to alter or amend provides a basis to disturb this court's decision finding that it lacked jurisdiction to consider what is in reality a motion to vacate filed pursuant to 28 U.S.C. §2255.

An Order follows.

Date: August 16, 2018            /s/
                                       Ellen L. Hollander
                                       United States District Judge